UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KAREN L. LAVIN,**
    **Plaintiff,**

**VS.**                               **CASE NO.:**

**PIERHOUSE-FT. MYERS BEACH,**
**LTD., a Florida limited partnership, and**
**MARTIN YORK, Individually,**
    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KAREN L. LAVIN, by and through undersigned counsel and sues the Defendants, PIERHOUSE-FT. MYERS BEACH, LTD., a Florida limited partnership ("Pierhouse") and MARTIN YORK, individually ("York"), and alleges as follows:

1. This action is brought pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, as amended from time to time ("FLSA"), to recover unpaid overtime wages, liquidated damages, reasonable attorney fees and costs related to this litigation.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. At all times material hereto, Plaintiff has been a resident of Lee County, Florida.

4. At all times material hereto, Pierhouse has been a limited partnership licensed to conduct business in the State of Florida with its principle place of business in Lee County, Florida.

5. Pierhouse is a restaurant and bar on Fort Myers Beach in Lee County, Florida.

6. At all times material hereto, York has been a resident of Lee County, Florida.

7. At all times material hereto, York managed and operated Pierhouse, such management/operation duties to include, but not be limited to:

   a. Hiring and firing employees;

   b. Setting work schedules for employees;

   c. Controlling the finances; and

   d. Establishing and implementing the manner and methods by which employees are paid.

8. As such, York and Pierhouse are employers as defined by 29 U.S.C. §201 *et seq*.

9. Plaintiff was employed by Pierhouse and York as a server and bartender from approximately January 2014 until July 6, 2018.

10. Defendants were an enterprise "engaged in commerce" within the meaning of 29 U.S.C. §201, *et seq*.

11. The annual gross revenues of the Defendants are more than $500,000.00 per year.

12. At all times material hereto, Defendants were subject to the requirements of 29 U.S.C. §201, *et seq*.

## COUNT I: VIOLATION OF 29 U.S.C. §207 FOR FAILURE TO PAY OVERTIME WAGES

13. From approximately January 2014 until July 6, 2018 the Plaintiff worked in excess of 40 hours per week during the "seasonal months" of January 1 through May 1 of each year.

14. Defendants, however, failed to pay Plaintiff an overtime wage of one and one-half time for the overtime hours during those months from January 1, 2014 to July 6, 2018.

15. Further, Defendants have failed to maintain proper records as required by 29 U.S.C. §201, *et seq*.

16. Plaintiff has been damaged in that she was not properly paid overtime wages for the hours she worked in excess of 40 hours per week.

17. Such conduct by Defendants was willful and showed reckless disregard for the requirements of the FLSA and Plaintiff is entitled to liquidated damages.

18. Plaintiff retained undersigned counsel to prosecute this action, has incurred attorney fees and costs for same, and seeks recovery of reasonable attorney fees and costs pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff demands a judgment in her favor and against the Defendants for damages equal to overtime wages to which she is owed, liquidated damages, reasonable attorney fees and costs, pre-judgment interest and such other relief deemed just and equitable by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action on all issues triable.

Respectfully submitted,

/s/ Jack C. Morgan III
Jack C. Morgan III, Esquire
Florida Bar No. 126527
ALOIA ROLAND LUBELL & MORGAN, PLLC
2254 First Street
Fort Myers, Florida 33901
Tel: 239.791.7950
Fax: 239.791.7951
E-mail: jmorgan@floridalegalrights.com
          lclement@floridalegalrights.com
          dosnac@floridalegalrights.com