UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN L. LAVIN,

      Plaintiff,

v.                                        Case No.:   2:18-cv-801-FtM-99MRM

PIERHOUSE-FT MYERS BEACH LTD
and MARTIN YORK,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Undersigned are the parties' Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice, filed on April 12, 2019.  (Doc. 25).  In addition, the parties filed a Settlement Agreement and General Release Agreement.  (Doc. 25-1).  Plaintiff Karen L. Lavin and Defendants Pierhouse-Ft.Myers Beach, LTD and Martin York jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement

must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit has held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

## CLAIMS AND DEFENSES

In the Complaint, Plaintiff alleges that she worked in excess of forty (40) hours per week during the seasonal months of January 1 through May 1 and Defendants failed to pay Plaintiff overtime wages from January 1, 2014 to July 6, 2018. (Doc. 1 at 2 ¶¶ 13-14). In addition, Plaintiff claims that Defendants failed to maintain proper records. (*Id.* at ¶ 15).

Although unclear, it appears that Defendants claim that they properly compensated Plaintiff for the hours she worked. (Doc. 25 at 2 ("Defendant [sic] alleges that they properly compensate [sic] the Plaintiff for [sic] in the amount of $4,944.09.")). (*Id.* at 2). Plaintiff claims that she is still owed $1,591.29 in additional overtime wages and $1,591.29 in liquidated damages, for wages incurred after December 7, 2015. (*Id.*).[1] Thus, Plaintiff claims that she has a total uncompromised claim for $3,182.58. (*Id.*). The parties agreed to settle the disputed

---

[1] The parties state that "[t]he statute of limitations bars Plaintiff's claims for overtime arising before December 7, 2015 in all events." (Doc. 25 at 2).

claims for the amount of $3,200.00, "which exceeds the Plaintiff's uncompromised claim for overtime compensation *plus* an additional amount equal to $1,800 representing reasonable attorney's fees and costs." (*Id.* (emphasis in original)).[2]

## ANALYSIS

There are two primary issues that preclude a finding of fairness and reasonableness in this case: (1) the non-payment or non-allocation of consideration for certain concessions, including: (a) a mutual general release and waiver of claims; (b) a non-disparagement provision; (c) a

---

[2] In the Joint Motion to Approve *Uncompromised* Settlement, the parties indicate that this action was settled without compromise. (Doc. 25 at 1 (emphasis added); Doc. 25 at 2 at ¶ 6; Doc. 25 at 2 at ¶ 9). Although the parties claim that Plaintiff's FLSA claim was settled without compromise, the parties nevertheless request that the Court approve the settlement. (Doc. 25 at 3 ¶ 11). When an FLSA action is settled without compromise and a plaintiff is fully compensated for his or her FLSA claim, then under *Lynn's Food Stores*, the Court is not required to review the terms of the settlement. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). However, a court must carefully investigate whether the settlement contains other terms outside of the offer of full monetary compensation. *Id.*

> For example, the employer in an FLSA case might offer full monetary compensation to the employee for the FLSA claim but might require the employee to refrain from informing fellow employees about the result the employee obtained. Or the employer might require the employee to trim the shrubbery at the employer's home each weekend for a year. In either instance, the employee outwardly receives full monetary compensation for his unpaid wages, but effectively the additional term (the "side deal") confers a partially offsetting benefit on the employer. To the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for "full compensation" or an offer of judgment) involves a "compromise," and *Lynn's Food* requires judicial approval of the compromise.

*Id.* Here, in addition to receiving allegedly full compensation for the FLSA claim, the employer requires Plaintiff to enter into a General Release and Waiver of Claims provision, a Non-Disparagement provision, a Confidentiality provision, a Covenant to Not Contact/Re-Entry and No-Rehire Agreement, and a Neutral References provision. (Doc. 25-1 at 2-4). Thus, Plaintiff must relinquish "something else of value." *Dees*, 706 F. Supp. 2d at 1240. Thus, the settlement of this action involves a compromise and the Court is required under *Lynn's Food Stores* to review the Settlement Agreement to determine if it is a fair and reasonable resolution of the bona fide dispute here. *Id.*

"covenant to not contact/re-entry and no-rehire" provision; and (d) a neutral references provision; and (2) a confidentiality provision. (Doc. 25-1 at 3-5).[3] The Court addresses these issues in detail below.

### I.  Consideration for Concessions and a Mutual General Release and Waiver of Claims

In the Settlement Agreement and General Release Agreement, Plaintiff agrees to a general release and waiver of claims, a non-disparagement provision, a "covenant to not contact/re-entry and no-rehire agreement," and a neutral references provision. (Doc. 25-1 at 3-5). The Undersigned considers each of these concessions below.

The *Lynn's Food Stores* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

In the Settlement Agreement and General Release Agreement, the General Release and Waiver of Claims Provision for Plaintiff provides:

> For and in consideration of the Settlement Amounts described in paragraph 3 above, and other good and valuable consideration, Lavin fully and forever releases, remises, and discharges the Released Parties from any and all Claims whatsoever from the beginning of time up to the Effective Date of this Agreement which Lavin had, may have had, or now has against the Released Parties, WHETHER KNOWN OR UNKNOWN, for or by reason of any matter, cause or thing whatsoever, including any Claim arising out of or attributable to Lavin's former work

---

[3] The Court refers to the page numbers in the Court's electronic filing system, CM/ECF.

relationship with the Employer and the Released Parties, whether for wage and hour and pay related claims, including any claim for back pay, liquidated damages, interest, and/or attorneys' fees and costs, under the federal Fair Labor Standards Act, the Equal Pay Act, Florida law (including without limitation under the Florida Minimum Wage Act ("FMWA"), Article X, Section 24 of the Florida Constitution, the Florida Equal Pay Law - Fla. Stat. § 725.07, or Chapter 448, Florida Statutes), tort, breach of express or implied contract, quantum meruit, restitution, intentional infliction of emotional distress, unjust dismissal, defamation, libel, slander, or possible discrimination Claims on whatever basis and any similar federal, state or local law relating to employment, cessation of employment, employment discrimination, and any and all local, state or federal laws, common laws, rules and regulations applicable to the relationship between the Parties. The Parties intend the release contained herein to be a general release of all Claims to the fullest extent permissible by law. However, the Parties expressly agree and acknowledge that this release does not extend to any claims arising under Florida's Workers' Compensation laws.

(Doc. 25-1 at 2-3).

This Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

The parties do not address the issue of additional consideration for Plaintiff to enter into the General Release and Waiver of Claims provision. As such, the task of determining adequate consideration for such forgone and unknown claims is impossible. The Court is, therefore, unable to determine whether this aspect of the proposed settlement is fair and reasonable based on the current record.

Likewise, the Court is unable to determine whether Plaintiff received adequate consideration for the non-disparagement agreement, the "covenant to not contact/re-entry and

no-rehire agreement," or the neutral reference agreement. (Doc. 25-1 at 4-5). A number of

jurists in this District have expressed the view that non-cash concessions by an employee affect

both the "fairness" and "full compensation" components of a settlement, and require their own

fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL

933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023

(M.D. Fla. Mar. 20, 2012). Notwithstanding this line of cases, other jurists in this District have

approved non-cash concessions in FLSA settlement agreements where they have been negotiated

for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell*

*v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug.

16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL

5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-

22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, Plaintiff agrees not to make, "oral or written statements or omissions that are or

reasonably could be interpreted to be of a disparaging nature concerning any of the Released

Parties." (Doc. 25-1 at 4). In addition, Plaintiff agrees, "to not contact the Employer (or any

employees of the Employer while at work) and covenants and agrees to not enter Employer's

business property at any time after the Agreement is executed by Lavin. Lavin agrees to not

apply for a job or otherwise seek employment with Employer at any of Employer's locations at

any time." (*Id.* at 5). Plaintiff also agrees to Defendants providing her a neutral or positive

reference. (*Id.*). The parties fail to explain whether these provisions were negotiated for separate

consideration and, if so, what consideration was given. (*See* Doc. 25). Because the parties'

briefing does not address the issue of consideration for these non-cash concessions, the Court

cannot determine whether their inclusion in the settlement is fair and reasonable.

## II.      Confidentiality Provision

In the Settlement Agreement and General Release Agreement, the parties included a

confidentiality provision that provides as follows:

> The terms and conditions of this Agreement are and shall be deemed to be
> confidential and shall not be disclosed by Lavin to any person or entity without the
> prior written consent of the Employer, except if required by law for the purpose of
> obtaining court approval of this Agreement, and to Lavin's accountants, and/or
> attorneys only.  Lavin agrees neither to disclose in any manner (via body language,
> sign language or other forms of communication) to any person or entity about the
> fact of a settlement, nor the specific terms of such resolution or settlement.  If Lavin
> is asked about the outcome of the Disputed Claims, she will simply state words to
> the effect of:  "It was resolved to my satisfaction."  Confidentiality is a critical
> requirement and basis for the Employer's agreement to resolve the claims at issue.
> A breach by Lavin will be deemed serious and will require the court's intervention
> to sustain any charge of breach by Lavin.

(Doc. 25-1 at 5).

An employer's insistence upon a confidentiality provision as part of an FLSA settlement

contravenes the policies underlying the FLSA.  *Gillard v. Fleetmatics USA, LLC*, No. 8:16-CV-

81-T-27MAP, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016).  Further, a confidentiality

provision in an FLSA settlement agreement undermines the Department of Labor's regulatory

effort to notify employees of their FLSA rights.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227,

1242 (M.D. Fla. 2010).  A district court "should reject as unreasonable a compromise that

contains a confidentiality provision, which is unenforceable and operates in contravention of the

FLSA."  *Id.* at 1243.

In this case, the confidentiality provision broadly precludes Plaintiff from disclosing the

terms of the Settlement Agreement and General Release Agreement.  (Doc. 25-1 at 5).  The

Undersigned finds that this provision patently contravenes the FLSA and the Department of

Labor's regulatory efforts.  Further, the parties affirmatively filed their agreement in the public

record where it has remained for weeks without any objection.  (*See* Doc. 25-1).  Confidentiality

is, therefore, non-existent.  Accordingly, the Undersigned cannot recommend approval of the Settlement Agreement and General Release Agreement as a fair and reasonable resolution of this case so long as the agreement contains a confidentiality provision.

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case based upon the existing record.  Although the remaining terms of the settlement appear to the Undersigned to be fair and reasonable, the problems noted above preclude approval of the settlement as currently proposed.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1)      The Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 25) be **DENIED** without prejudice.

2)      The parties be ordered to elect one of the following options **no later than June 14, 2019**:[4]

     a.      File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein and file a fully executed settlement agreement that is binding on relevant parties if approved by the Court; or

---

[4]  This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

       b.     File a Case Management Report that complies with the FLSA Scheduling

Order (Doc. 20).

Respectfully recommended in Chambers in Ft. Myers, Florida on April 30, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties