UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN L. LAVIN,

    Plaintiff,

v.                                    Case No.:   2:18-cv-801-FtM-99MRM

PIERHOUSE-FT MYERS BEACH LTD
and MARTIN YORK,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Amended Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice, filed on June 19, 2019. (Doc. 30).[1] In addition, the parties filed an Amended and Revised Settlement and Mutual General Release Agreement. (Doc. 30-1). Plaintiff Karen L. Lavin and Defendants Pierhouse-Ft. Myers Beach LTD and Martin York request that the Court approve the parties' proposed settlement of the Fair Labor Standards Act claims in this litigation.

A brief procedural history is instructive. On April 12, 2019, the parties filed a Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice. (Doc. 25). On April 30, 2019, the Undersigned entered a Report and

---

[1] On June 18, 2019, the parties filed an Amended Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice. (Doc. 29). The parties failed to attach the Amended and Revised Settlement and Mutual General Release Agreement to this document. Thereafter, the parties filed the instant Amended Joint Motion and attached the Amended and Revised Settlement and Mutual General Release Agreement. (Doc. 30; Doc. 30-1). The Undersigned recommends that the Amended Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 29) be denied as moot based upon the filing of the instant Amended Joint Motion (Doc. 30).

Recommendation, recommending that the Joint Motion be denied without prejudice for the following two (2) primary reasons: "(1) the non-payment or non-allocation of consideration for certain concessions, including: (a) a mutual general release and waiver of claims; (b) a non-disparagement provision; (c) a 'covenant to not contact/re-entry and no-rehire' provision; and (d) a neutral references provision; and (2) a confidentiality provision." (Doc. 26 at 3-4, 8). The parties addressed the Court's concerns by including: (a) mutual general releases of all claims; (b) mutual non-disparagement clauses; and (c) further explanation concerning the neutral reference provision. (Doc. 30 at 5-6). In addition, the parties eliminated the confidentiality requirement, the no contact requirement, and the no re-entry term. (*Id.* at 6). After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Complaint, Plaintiff alleges that she worked for Defendants in excess of forty (40) hours per week during the seasonal months and Defendants failed to pay Plaintiff overtime wages. (Doc. 1 at 2 ¶¶13-14).

Defendants dispute Plaintiff's claim that they violated the FLSA. (Doc. 30 at 2).

## ANALYSIS

Even though a *bona fide* dispute exists between the parties (*see id.*), the parties successfully negotiated a settlement of Plaintiff's claims (*id.* at 3). The parties agreed to settle this matter to avoid the expense and uncertainty of further litigation. (*Id.*).

*Monetary Terms*

In response to the Court interrogatories, Plaintiff states that she worked a total of 960 hours of overtime during her entire employment with Defendants. (Do. 30 at 2). According to Defendants' timecards and payroll records, Plaintiff worked a total of 972.51 hours of overtime, a portion of which Defendants did properly compensate Plaintiff. (*Id.*). Due to the statute of limitations, the parties agree that Plaintiff's claims for overtime wages that arose before

December 7, 2015 are barred. (*Id.*). Based upon Defendants' time records and payroll summaries, the parties state that "Plaintiff is due a total of $1,591.29 in additional overtime compensation plus additional statutory damages in the amount of $1,591.29 for the periods after December 7, 2015." (*Id.* at 3). Thus, the parties state that Plaintiff has a total uncompromised claim of $3,182.58 in unpaid overtime and statutory damages. (*Id.*).

The parties agreed to settle the claim by paying Plaintiff's uncompromised claim for overtime wages in the amount of $3,200.00, which the parties agree exceeds Plaintiff's uncompromised claim for overtime wages plus statutory damages. (*Id.*). The Undersigned finds the monetary terms are a fair and reasonable resolution of the dispute.

*Mutual Releases*

In the Amended and Revised Settlement and Mutual General Release Agreement, the parties included language for mutual general releases. Plaintiff agrees to the following:

> Lavin fully and forever releases, remises, and discharges the Released Parties from any and all Claims whatsoever from the beginning of time up to the Effective Date of this Agreement which Lavin had, may have had, or now has against the Released Parties, WHETHER KNOWN OR UNKNOWN, for or by reason of any matter, cause or thing whatsoever, including any Claim arising out of or attributable to Lavin's former work relationship with the Employer and the Released Parties, whether for wage and hour and pay related claims, including any claim for back pay, liquidated damages, interest, and/or attorneys' fees and costs, under the federal Fair Labor Standards Act, the Equal Pay Act, Florida law (including without limitation under the Florida Minimum Wage Act ("FMWA"), Article X, Section 24 of the Florida Constitution, the Florida Equal Pay Law – Fla. Stat. §725.07, or Chapter 448, Florida Statutes), tort, breach of express or implied contract, quantum meruit, restitution, intentional infliction of emotional distress, unjust dismissal, defamation, libel, slander, or possible discrimination Claims on whatever basis and any similar federal, state or local law relating to employment, cessation of employment, employment discrimination, and any and all local, state or federal laws, common laws, rules and regulations applicable to the relationship between the Parties. The Parties intend the release contained herein to be a general release of all Claims to the fullest extent permissible by law. However, the Parties expressly agree and acknowledge that this release does not extend to any claims arising under Florida's Workers' Compensation laws.

(Doc. 30-1 at 3-4 ¶ 5(b)).

Similarly, Defendants agree as follows:

The Released Parties fully and forever releases, remises, and discharges Lavin from any and all Claims whatsoever from the beginning of time up to the Effective Date of this Agreement which the Released Parties had, may have had, or now has against the Lavin, WHETHER KNOWN OR UNKNOWN, for or by reason of any matter, cause or thing whatsoever, including any Claim arising out of or attributable to Lavin's former work relationship with the Employer and the Released Parties, including but not limited to claims for tort, breach of express or implied contract, quantum meruit, restitution, intentional infliction of emotional distress, defamation, libel, slander, and any and all local, state or federal laws, common laws, rules and regulations applicable to the relationship between the Parties. The Parties intend the release contained herein to be a general release of all Claims to the fullest extent permissible by law.

(*Id.* at 4 ¶ 5(c)).

The *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair

benefit on the employer." *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

Here, the parties' supplemental briefing addresses the consideration for the mutual general releases and mutual non-disparagement clauses. The parties states that their mutual general releases and mutual non-disparagement clauses are supported by adequate additional consideration "in the form of mutual reciprocating promises." (Doc. 30 at 6). In addition the parties state that Plaintiff receives additional consideration in the form of a neutral reference. (*Id.*). The parties also assert that Plaintiff receives a small amount of additional consideration because the settlement amount slightly exceeds the amount that Plaintiff claims she is entitled. (*Id.*). Finally, the parties state that they both "derive a mutual benefit in knowing that there is a finality to their previous relationship – each knowing with certainty that they will not face further disputes or litigation arising from their past relationship." (*Id.* at 6-7).

Although general releases are typically disfavored in FLSA cases, the Undersigned places great weight on the fact that Plaintiff is represented by experienced counsel. (Doc. 30 at 12). Further, this Court has approved general releases in FLSA cases when such releases are mutual and, thus, confer a benefit on the Plaintiff. *Holding v. AMS, Inc.*, No. 2:17-CV-623-FTM-99CM, 2018 WL 4898837, at *3 (M.D. Fla. Oct. 5, 2018), *report and recommendation adopted*, No.

2:17-CV-623-FTM-99CM, 2018 WL 4898836 (M.D. Fla. Oct. 9, 2018). In sum, all parties wish to be free from any potential exposure for further claims, and all parties agree that they have valid reasons to agree to the general mutual releases and to the mutual non-disparagement clauses in the Amended and Revised Settlement Agreement. The Undersigned finds that these reasons support the notion that Plaintiff received additional consideration to enter into a general release and a non-disparagement provision based upon Defendants' agreement to enter into reciprocal agreements. Thus, the Undersigned finds that this separate consideration for the general release of potential claims and the non-disparagement agreement appears fair and reasonable.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendants pay Plaintiff's attorney's fees and costs in the amount of $1,800.00. (Doc. 30 at 3). The parties state, "Plaintiff specifically agrees and stipulates that the terms of the settlement agreement represent a fair and equitable resolution of this matter, as well as Plaintiff's reasonable attorneys' fees and costs, which were negotiated separately." (Doc. 30 at 4). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs. (Doc. 30 at 4). The Undersigned finds, therefore, that the proposed settlement of Plaintiffs' attorney's fees and costs are reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and should be approved by the Court.

## CONCLUSION

The Undersigned finds that the Amended and Revised Settlement and Mutual General Release Agreement (Doc. 30-1) appears reasonable on its face. Accordingly, the Undersigned recommends that the Amended Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 30) and be granted and the Amended and Revised Settlement and Mutual General Release Agreement (Doc. 30-1) be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1) The Amended Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 30) be **GRANTED**.

2) The Amended and Revised Settlement and Mutual General Release Agreement (Doc. 30-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3) The Amended Joint Motion to Approve Uncompromised Settlement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 29) be **DENIED as moot**.

4) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 24, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties